69　337
73　483

## YALE & BOWLING *v.* E. McDANIEL.

1. ATTACHMENT. *Nature of remedy. Compliance with statute.*

   The remedy by attachment is purely statutory, and a party resorting to it must bring himself within the terms of the statute.

2. ATTACHMENT. *Debt not due. Venue. Code 1880, § 2459.*

   Attachment for a debt not due can only be sued out in the county where the debtor resides, or last resided, or where his property is found. Code 1880, § 2459.

3. SAME. *Amendment. Venue. Jurisdiction.*

   Where an attachment, in form for a debt past due, is issued in one county, returnable before the circuit court of another county, and it does not appear that defendant resided or last resided or that his property was found in the former county, and the declaration discloses that the only part of the debt past due at the time the attachment was obtained was below the jurisdiction of the circuit court, leave to amend the affidavit and writ so as to show a debt not due is properly denied, and a motion to quash the writ and dismiss the suit properly sustained.

FROM the circuit court of Amite county.

HON. W. P. CASSEDY, Judge.

The facts are stated in the opinion.

*Willing, Ramsey & Willing,* for appellants.

The statute does not require the affidavit to show whether the debt is due or not. The grounds relied on will support attachment for either. Besides, the debt was past due when the declaration was filed.

If the affidavit was defective, plaintiff should have been permitted to amend it, under § 2464, code 1880.

*T. McKnight,* for appellee.

The motion to amend was properly overruled, because, (1) it was an attempt to convert a suit brought under the statute for a debt due, into one brought under the statute for a debt

not due; (2) the proposed amendment would not give the court jurisdiction; (3) an attachment for debt not due can be sued out only in the county where the debtor resides or last resided, or where his property is found. Code 1880, § 2459.

COOPER, J., delivered the opinion of the court.

The appellant made an affidavit for attachment against the appellee before the clerk of the chancery court of Pike county, upon which that officer issued a writ of attachment to Amite county, returnable to the circuit court of Amite county.

The affidavit was in form for that on a debt past due, but in truth the principal part of the demand was not due, and so much as was due was less than that over which the circuit court had jurisdiction.

The writ was levied, and at the return-term the plaintiff filed his declaration, by which the maturity of the debt was disclosed. The defendant moved the court to quash the writ because the affidavit was for a debt due, while the declaration showed that the debt to plaintiff was not due at the time, and also because the writ was issued by the clerk of the chancery court of Pike county, who had no authority so to do. The plaintiff thereupon moved for leave to amend his affidavit and writ so as to show that the proceeding was to collect a debt not due instead of one overdue. The court overruled this motion, and sustained the defendant's motion to quash the writ.

The writ was properly quashed, and the judgment must be affirmed. The right to attach for a debt not due is given by § 2459 of the code, by which it is provided that a creditor making a certain affidavit, and giving bond as required, "may obtain an attachment in the county where the debtor resides or last resided, or where his property may be found." So far as the record discloses, McDaniel did not, at the time the writ was issued, reside in the county of Pike, nor had his last residence been there, nor was his property there found.

The remedy by attachment is of purely statutory nature, and it has uniformly been held that a party resorting to it must bring himself within the terms of the statute.

*Judgment affirmed.*