JOHN R. WEISSINGER v. STUDEBAKER BROS.. MANUFACTURING COMPANY.

1. ATTACHMENT.   *Insolvent debtor.   Jus disponendi.*

> In attachment predicated of a fraudulent assignment or disposition of his property or rights in action, it is error to instruct the jury that an insolvent debtor cannot, without becoming liable to attachment, use his property or the proceeds thereof, or any part of such property or proceeds, for any other purpose than. that of paying his debts, except in the necessary support of himself and family.

2. SAME.   *Debt due in part.   Attachment for whole debt as if due.   Failure to amend.*

> When it appears, on the trial of an attachment, in form for a debt due, that only a part of the debt was past due when the writ was sued out, and the defendant, for this reason, moves to exclude all of the plaintiff's evidence, the attachment should be quashed and the suit dismissed, unless the plaintiff amends his affidavit and writ.   *Yale* v. *McDaniel,* 69 Miss.. 337, and *Dalsheimer* v. *McDaniel, Ib.*, 339, cited.

FROM the circuit court of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

This action was begun on November 5, 1891, by attachment as for a debt due amounting to the sum of $1,448.95.   The grounds of attachment were that the defendant, Weissinger, had property or rights in action that he concealed and unjustly refused to apply to the payment of his debts; that he had assigned or disposed of, or was about to assign or dispose of, his property or rights in action, with intent to defraud his creditors; that he had converted his property into money or evidences of debt, with intent to place it beyond the reach of his creditors; and that he had fraudulently incurred the debt upon which suit was brought.   The defendant traversed the grounds of attachment, and, on the trial that ensued, the plaintiffs intro-

duced evidence designed to show fraud in a sale, or assignment, made by defendant, shortly previous to the attachment, of his stock of hardware, to the Clarksdale Bank & Trust Co. In the progress of the trial, it appeared that, of the debt of $1,448.95, alleged to be due to plaintiffs, more than $1,000 was not due when the attachment was sued out, and, on this ground, the defendant moved to exclude all the evidence offered by the plaintiffs. The motion was overruled and the trial proceeded, the court giving, at the instance of the plaintiffs, the instruction quoted in the opinion, among others. There were verdicts and judgments in favor of plaintiffs, on both the issue in attachment and on the merits, and, his motion for new trial having been overruled, the defendant appealed.

*J. W. & W. D. Cutrer*, for the appellant.

1. The question of debt was placed directly in issue by the plaintiffs. They introduced the contract between appellant and themselves, and by this they succeeded in showing that the attachment was a fraud upon the jurisdiction of the court and the attachment laws of the state. That instrument, together with the testimony that followed, conclusively established that defendant did not, at the time the attachment was sued out by the plaintiffs, owe them as much as $200 of a debt then due. This was brought to the attention of the court by the motion to exclude all of plaintiff's evidence.

2. It is not true, as stated in the first instruction given for the plaintiffs, that an insolvent cannot use any of his property except to pay his debts, and for his necessary support. He may do with it as he pleases, so that he deals honestly and fairly, and does not seek to hinder, delay nor to defraud his creditors. There is no restriction placed upon the individual as to the control and management of his property, so long as he does nothing which brings him within the condemnation of the attachment statutes. *Roach* v. *Brannon*, 57 Miss., 498.

*Frank Johnston*, for the appellee.

1. The first instruction is correct.   Any disposition of an insolvent debtor's property or money, except as specified in the first instruction, would be in fraud of the rights of his creditors.   He would have no right to gamble it away, embark it in futures, squander it in dissipation, or give it away.   It was one of the averments in the affidavit for the attachment that he had fraudulently disposed of his property.

2. The plaintiff was clearly entitled to a judgment.   By the third clause of the contract to sell plaintiff's goods on commission, defendant was under a duty to insure the wagons shipped to him, or to pay the losses, if any.   He could have insured by putting them in a proper place, and, after they were destroyed by fire, repeatedly promised to make the loss good.   The defendant acknowledged the fault, but said, as an excuse, that he did not know the shed, where the wagons were stored, was in any danger.   About $1,000 worth of wagons were burned, and the rest of them were turned over to the bank.

Woods, J., delivered the opinion of the court.

Under the first instruction given by the court for the plaintiff on the attachment issue, the jury was informed that if "the defendant was insolvent at the time the attachment herein was sued out and had at any time before used any part of his property or the proceeds thereof, except for necessary support of himself and his family, for any other purpose than that of paying off and discharging his *bona fide* existing debts, the jury will return a verdict in favor of the plaintiff." The instruction is radically erroneous.   The insolvent debtor, just as the solvent debtor, may honestly prosecute his business in the usual and ordinary methods, and is open to attachment only when his conduct makes him subject thereto on some one or more of the specific grounds enumerated in our statute.   It is not true that the unfortunate insolvent debtor cannot use his property, or the proceeds thereof, or any part of such prop-

erty or proceeds, for any other purpose than that of paying his debts, except in so far as necessary for the support of himself and his family.   This view would deny to the debtor unable to pay his creditors the right to make any effort to recover his lost ground and to restore himself to a condition of ability to pay, and compel him to surrender to his creditors for payment of their demands all his property on the instant his inability to pay his debts in full become apparent.

From the plaintiff's declaration and exhibit, as well as from the evidence generally, it is plain that there was an attempt to commingle two independent actions begun by attachment—one for a debt due, and another, and for a much larger sum, for a debt not due.   The attachment was taken out for the recovery of $1,448.95 charged to be past due and unpaid.   But on trial it perfectly appeared that more than a thousand dollars of the debt alleged to be due was not due when the attachment was taken out.   When the defendant called the attention of the court to this insuperable bar to further proceedings, as the case then stood, by his motion to exclude all the plaintiff's evidence, on this very ground, the writ should have been quashed and the suit dismissed, in the absence of any motion by the plaintiff to amend its affidavit and writ.   See *Yale* v. *McDaniel*, 69 Miss., 337, and, particularly, *Dalsheimer* v. *McDaniel*, *Ib.*, 339.   It follows, therefore, that the judgment, obtained by a peremptory charge to the jury to find for the plaintiff on the merits, was also erroneous.

*The judgment on the attachment issue and the judgment on the merits are reversed, and the cause remanded for a new trial.*